IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES MASON WHITLEY,

   Petitioner,

vs.              CIVIL ACTION NO.: CV205-207

JOSE VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Mason Whitley ("Whitley"), an inmate incarcerated at the Federal Correctional Institution in Yazoo City, Missouri, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Return on the Show Cause Order. Whitley filed a Motion for Summary Judgment, to which Respondent has responded. For the reasons which follow, Whitley's petition should be **DISMISSED**. Whitley's Motion for Summary also should be **DISMISSED**.

## STATEMENT OF THE CASE

Whitley was convicted in the Southern District of Mississippi for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Whitley was sentenced to 235 months' imprisonment and five years' probation. Whitley is scheduled to be released on May 7, 2012. (Resp't's Ex. A, p. 3.)

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

In the instant petition, Whitley appears to asserts that Respondent, the Warden at the Federal Correctional Institution in Jesup, Georgia, conspired with, *inter alia*, the judge who sentenced him and the Assistant United States Attorney who prosecuted him in Case Number 3:94-CR-133 in the Southern District of Mississippi to deprive Whitley of his liberty. Whitley contends that he has suffered damages as a result of these individuals' criminal activities. Whitley seeks over $4.2 billion in damages based on these individuals' alleged actions. (Pet'r's Ex. C, p. 4.)

In general, the distinction between claims that may be brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), and those that must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, a serious risk of beatings or sexual assaults at the hands of other prisoners, are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed.2d 906 (1997); Heck

AO 72A
(Rev. 8/82)

v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).[1] Based on this settled distinction, the claims at issue and the relief sought here are far more analogous to those asserted in Bivens actions rather than in habeas petitions. See Gwin v. Snow, 870 F.2d 616 (11th Cir. 1989).

Whitley's petition consists largely of incoherent rhetoric. At best, it appears that Whitley asserts that Respondent and other individuals are falsely imprisoning him based on his arrest and conviction in Case Number 3:94-CR-133. Should Whitley wish to assert a claim for money damages under Bivens, he cannot do so unless and until he has proven the termination of his prior criminal prosecution in his favor. See Heck, 512 U.S. at 484, 114 S. Ct. at 2371; see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Whitley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**. It is also my **RECOMMENDATION** that Whitley's Motion for Summary Judgment (Doc. No. 6) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the cases cited in the body of this Report are cases dealing with causes of actions filed under 42 U.S.C. § 1983, courts generally apply the same law to Bivens claims as they do to section 1983 claims. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).